UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

ANGELO JOSEPH GASPARRI

       Plaintiff,                      Civil Action No.: 9:15-cv-81400-KAM

    v.

ERIC J. ALMAZAN,
PI KAPPA PHI FRATERNITY,
JUSTIN ANGOTTI, and
SCOTT LEIGHTY

       Defendant.
_____/

**JOINT PROPOSED SCHEDULING REPORT AND DISCOVERY PLAN**

Plaintiff Angelo Joseph Gasparri and Defendants Eric J. Almazan, Pi Kappa Phi Fraternity, Justin Angotti and Scott Leighty, by and through undersigned counsel, respectfully submit this Joint Proposed Scheduling Report and Discovery Plan as per this Court's October 14, 2015 Order Requiring Counsel to Confer, File Joint Scheduling Report and File Joint Discovery Report, pursuant to Federal Rules of Civil Procedure 26(f) and 16(b), and S.D. Fla. Local Rule 16.1(b).

**I.    REPORT OF THE PARTIES' FED. R. CIV. 26(f) CONFERENCE**

    **A.    Nature and Basis of Claims and Possibility of a Prompt Settlement or Resolution of the Case[1]**

There are no current settlement discussions, and the Plaintiffs believe a settlement to be unlikely, all parties agree to make a good faith effort and fully participate in discussions that will resolve the matter without trial.

---

[1] FRCP 26(f)(2)

B.     **Initial Disclosures and Arrangements for Disclosures Required by Fed. R. Civ. P. 26(a)(1):**

To accommodate existing scheduling constraints, the parties seek court approval of their stipulation and agreement to enlarge the initial disclosures and exchanges set forth in Fed. R. Civ. P. 26(a)(1) to May 31 for the Plaintiff and Defendants Pi Kappa Phi, Angotti and Leighty. Time is enlarged by agreement for Defendant Almazan to June 10, 2016.

C.     **Preservation of Discoverable Information**

The parties agree to abide by their obligation to take reasonable steps to preserve all available discoverable information that is relevant to this litigation until the resolution of this litigation. The parties further agree to discuss and attempt to agree on means of reducing cost by limiting the sources, scope, and electronically stored information (ESI) that has been and will be preserved. (*See* Discovery Plan Below).

D.     **Likelihood of Appearance in the Action of Additional Parties**

All Parties agree that it is unlikely that any additional parties will be added to the lawsuit.

E.     **Proposed Limited on the Time**

Discuss attached proposed scheduling order pursuant to Local Rule 16.1(b) (Ex. A).

II.    **Discovery Plan**[2]

A.     **Changes in Timing, Form or Requirements under Fed. R. Civ. P. 26(a)**

The parties do not anticipate any changes.

B.     **Scope of Anticipated Discovery:**

Discuss the subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues.

---

[2] FRCP 26(f)(3)Discovery Plan

The Parties recognize that the Court's Order ruling upon the Defendant's motion to dismiss narrowed the scope of discovery to matters relating to the defamation, the defenses to same, the circumstances and context surrounding the defamation and matters directed at determining Plaintiff's claims for damages including punitive damages, and other matters reasonably connected to the parties' ability to properly present matters before the Court.

C.  **Conduct of Discovery:**

The parties presently believe that discovery should not be conducted in phases but recognize that circumstances may change. In the event that either party reasonably believes that phased discovery is warranted, for example to support or refute a motion for a preliminary injunction, the parties agree to cooperate in revising the discovery plan and seeking to amend the scheduling order. Discovery requests and responses shall be served by email, and the parties agree that service of a complete copy of these documents via email shall count as same day service.

D.  **Issues of Disclosure of Electronically Stored Information and Form**[3]

Discuss any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced; The Parties do not foresee any obstacles in transmitting information within standard electronic formats, and believe the following information will be reasonably and timely disclosed through traditional discovery requests:

1.  Custodians:  The custodians most likely to have discoverable information in their possession, custody or control, from the most likely to the least likely. The custodians shall be identified by name, title, role in the instant dispute, and the subject matter of the information.

---

[3] FRCP 26(f)(3)(c)

3

**E.      Issues about Claims of Privilege or of Protection**

Discuss any issues about claims of privilege or of protection as trial-preparation materials, including—if the parties agree on a procedure to assert these claims after production—whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502;

Through discovery, Plaintiff's will be seeking information of a confidential and personal nature from Defendants. Plaintiff's agree to execute a confidentiality agreement acceptable to all parties with respect the requested information. (This agreement in no way limits the parties to assert any objections to the production of information.) See Section II(H)

**F.      Changes in Limitations on Discovery.**

   1.      Number of Interrogatories.

The parties agree that no change to the number of interrogatories allowed under Fed. R. Civ. P. 33(a) is necessary.

   2.      Number of Depositions.

The Parties agree to modify the number of depositions allowed under Fed. R. Civ. P. 30(a)(2) to fifteen (15) without further agreement of the parties, both parties reserve the right to seek such an agreement, or to apply to the Court, for leave to take more if it becomes necessary.

   3.      Hours of Depositions.

As a result of the nature of the lawsuit, the parties agree that it is likely that many of the deponents will be actively engaged in college classes and activities. This may require the parties to accommodate schedules which do not interfere with their classes and obligations. The parties agree to no change to the duration of depositions allowed under Fed.R.Civ.P 30(a)(2) is necessary, without agreement.

G.    **Management of Discovery to Minimize Expense.**

The parties have agreed in principal to work in good faith to facilitate the discovery process (including the preservation and production of electronically stored information), simplify and narrow the issues, and otherwise manage the proceedings so as to minimize expense and delay. During their April 27th, 2016, Rule 26 conference, the parties discussed issues relating to electronically stored information ("ESI"). They are continuing to address those issues. In the event either party concludes that an order regarding ESI is warranted, it will ask the court to intervene.

H.    **Orders That Should Be Entered Under Local Rules 16(b) and (c) or Fed. R. Civ. P. 26(c).**

The parties agree that a confidentiality/protective order should be entered under Fed. R. Civ. P. 26(c) to facilitate discovery and to protect privileged or confidential information that may be disclosed during discovery. The parties will attempt to agree upon and submit a stipulated confidentiality/protective order. In the event they are unable to agree, one or both parties will move the court for a confidentiality/protective order.

I.    **Date for Completion of Discovery.**

See Attachment A

J.    **Conduct of Proceedings by Magistrate Judge.**

The parties do/do not consent to have proceedings conducted by a Magistrate Judge.

K.    **Pretrial Statement and Pretrial Order.**

The parties agree that there should be no changes to the pretrial statement and pretrial order procedures under LR 16.

L.    **Suggestions for Shortening or Simplifying the Case.**

The parties recognize that a convergence may occur within the facts presented by deponents and will seek to utilize stipulations and representative witnesses for presentations of the facts at trial.

### M.     Date Case Will Be Ready for Trial.

The Parties agree to be ready for trial 49 weeks from the entry of the order from the Court.

### N.     Jury or Non-Jury Trial.

Plaintiff has demanded a trial by jury.

### O.     Number of Trial Days Required.

The parties currently foresee the following estimates for trial:

- Plaintiff Gasparri and Defendant Almazan estimate that trial will last ten (10) days with a potential length of up to fifteen (15) days.
- Defendant Pi Kappa Phi, Agnotti and Leighty estimate that the trial will last five (5) days.

*[The remainder of this page left intentionally blank.]*

**Attachment "A"**
**Proposed Scheduling Timeline For Case Management Track- Standard[4]**

| PRETRIAL EVENTS | DEADLINES (Date or # of Weeks After Entry of Scheduling Order) |
|---|---|
| Deadline to serve initial disclosures:  Plaintiffs | May 31, 2016 |
| Deadline to serve initial disclosures:  Defendants Pi Kappa Phi, Angotti and Leighty | May 31, 2016 |
| Deadline to serve initial disclosures:  Defendant Almazan | June 10, 2016 |
| Proposed Order for Scheduling and Discovery Report | May 11, 2016 |
| Deadline to add additional parties or amend pleadings | June 8, 2016 |
| Deadline to issue 3rd Party Subpoena's to Affiants identified within the Plaintiff's Complaint. | July 15th, 2016 |
| Plaintiffs will disclose the name and subject area of all experts to defendants. | 28 Weeks |
| Deadline to complete all fact discovery<br><br>Deadline to exchange expert witness reports/summaries/ Rebuttal Disclosures | 31 Weeks |
| Deadline to file dispositive motions | 33 Weeks |
| Deadline to complete **required** mediation | 35 Weeks |
| Deadline to exchange privilege logs | 40 Weeks |
| Deadline to complete all expert discovery | 40 Weeks |
| Deadline for filing of pretrial motions, MIL's and Daubert motions. | 8 Weeks before Calendar Call |
| Deadline to file joint pretrial stipulations per LR 16.1(e) and pretrial disclosures per FRCP 26(a)(3) | 4 Weeks before trial date |
| Pretrial conference and trial setting | 49 Weeks |

---

[4] As Per LR 16.1(a)(2)(B); Source:  Hon. Scola Example Scheduling Timeline For Standard Track Cases

DATED: May 11th, 2016             Respectfully submitted by,

                                  By: /s/ Angelo A. Gasparri
                                  Angelo A. Gasparri, Esq.  (FBN:  32158)
                                  LAW OFFICES OF ANGELO A. GASPARRI, PA
                                  1080 S. Federal Highway
                                  Boynton Beach, FL  33435
                                  PHONE:      561-826-8986
                                  FAX:        561-935-9706
                                  EMAIL:      Angelo@drlclaw.com

JOINTLY DEVELOPED WITH AND SUBMITTED ON BEHALF OF:

| | |
|---|---|
| BAUMANN, GANT& KEELEY, P.A. | /s/ Robert F. Goodrich |
| *Attorneys for Defendants Pi Kappa Phi, Agnotti and Leighty* | Robert F. Goodrich, Esquire |
| | Florida Bar No.: 367184 |
| 1401 East Broward Boulevard, | Law Offices of Jason L. Weissman |
| Ste 200 | 4000 Hollywood Blvd., Suite 501 South |
| Fort Lauderdale, FL 33301 | Hollywood, FL 33021 |
| (954)440-4611 phone | Telephone: (954) 364-5121 |
| (954)440-4613 fax | Facsimile: (877) 905-3818 |
| | |
| BY: _/s/Gary F. Baumann_____ | Primary Email: Robert.Goodrich@thehartford.com |
| GARY F. BAUMANN | Secondary Email: |
| FLA. BAR NO.: 089052 | LawOfficesWeissman@thehartford.com |
| JEFFREY A. WIDELITZ | *Attorneys for Defendant, Eric Almazan* |
| FLA. BAR NO.: 105642 | |